UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00370-GNS

THE GERSON COMPANY                                                                                    PLAINTIFF

v.

BIG LOTS, INC. et al.                                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 46).  The motion is ripe for adjudication.

### I.    STATEMENT OF FACTS AND CLAIMS

Plaintiff The Gerson Company ("TGC") owns the copyrights to a line of lawn accessories "in decorative design configurations of things like, people, fairies, plants, fungi, animals, insects, birds, and fish" ("lawn ornaments").  (Am. Compl. ¶ 24, DN 21).  TGC markets and distributes these lawn ornaments extensively.  (Am. Compl. ¶¶ 26-27, 42).  Defendants Big Lots, Inc. ("Big Lots") purchased and sold to their customers lawn ornaments from TGC beginning in 2006 and continuing to the time of the filing of this action.  (Am. Compl. ¶ 44).  In 2023, TGC learned that Big Lots was considering purchasing unauthorized copies of the lawn ornaments from a different supplier.  (Am. Compl. ¶ 47).  TGC advised Big Lots that these copies infringed on their copyrights.  (Am. Compl. ¶¶ 48-49).  Big Lots proceeded to purchase and sell the alleged copies.  (Am. Compl. ¶¶ 50-51, 53).  TGC continued to advise Big Lots that the copies infringed on TGC's copyrights.  (Am. Compl. ¶¶ 55-58).

TGC initially brought suit against Big Lots, three associated corporate entities, and the alleged manufacturers and distributors of the unauthorized copies.  (Compl. ¶¶ 3-9, DN 1).  TGC

1

later filed the Amended Complaint adding a number of current and former Big Lots executives ("Executives"). (Am. Compl. ¶¶ 3-19). All the Executives are allegedly residents of either Ohio or Arizona. (Am. Compl. ¶¶ 8-16).

The Executives have moved to dismiss all claims against them for lack of personal jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (Defs.' Mot. Dismiss 10-14, DN 46). TGC opposes the motion and alternatively requests limited jurisdictional discovery and leave to further amend its pleadings. (Pl.'s Resp. Defs.' Mot. Dismiss 11-20, DN 50).

## II.  JURISDICTION

The Court has jurisdiction over this matter based on federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III.  STANDARD OF REVIEW

"When a district court rules on a jurisdictional motion to dismiss, without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff." *Moore v. Irving Materials, Inc.*, No. 4:05-CV-184, 2007 WL 2081095, at *2 (W.D. Ky. July 18, 2007). "To defeat such a motion, the plaintiff need only make a prima facie showing of jurisdiction and the court should not weigh the controverting assertions of the party seeking dismissal." *Id.* (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998)).

## IV.  DISCUSSION

### A.  Lack of Personal Jurisdiction

"[A] federal court must dismiss any claim for which it lacks jurisdiction without addressing the merits." *Chase Bank USA. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). A plaintiff

has the burden of establishing personal jurisdiction and must plead facts that, taken as true, support the extension of the court's jurisdiction over the defendants. *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). When a court has jurisdiction because of a federal question, personal jurisdiction only exists (1) "if the defendant is amenable to service of process under the [forum] state's long arm statute" and (2) "if the exercise of personal jurisdiction would not deny the defendant[] due process." *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012) (alterations in original) (citing *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)).

Beginning with the due process analysis, "[p]ersonal jurisdiction over an out-of-state defendant arises from 'certain minimum contacts with [the forum] such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (alteration in the original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To determine whether these traditional notions of fair play and substantial justice are satisfied, the Sixth Circuit uses a three-part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374. 381 (6th Cir. 1968).

Personal jurisdiction over the officers of a corporation cannot be based solely upon the fact that the court has jurisdiction over the corporation itself. *Weller*, 504 F.2d 927; *Commodigy OG Vegas Holdings LLC v. ADM Labs*, 417 F. Supp. 3d 912, 924 (N.D. Ohio 2019) (citing *Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 698 (6th Cir. 2000)). The fact that the Executives were corporate officers acting in their official capacities, however, "does not preclude

3

the exercise of personal jurisdiction over those defendants." *Balance Dynamics Corp.*, 204 F.3d at 698. When corporate officers are sued as individual defendants for activities undertaken in their official capacity, "the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; i.e., whether she purposely availed herself of the forum and the reasonably foreseeable consequences of that availment." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Int'l Shoe Co.*, 326 U.S. at 316).

It is not necessary to proceed further than the first prong of the *Mohasco* test to determine that this Court has no personal jurisdiction over the Executives. TGC pleads no facts showing that the Executives had such contacts with Kentucky that they could foresee getting "haled into" a Kentucky court. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). TGC pleads that as a result of their high-level positions at Big Lots, the Executives had a hand in placing the infringing products on the shelves of Big Lots stores, including stores located in Louisville. (Am. Compl. ¶¶ 61-71). TGC also pleads that some of these Executives had a financial stake in the sale of the infringing products because of their role with Big Lots and the structure of their compensation. *Id.* None of this shows purposeful availment. "[A]ctions which were undertaken as a corporate officer and not necessarily specifically intended to cause an effect in [Kentucky]" cannot form the basis for personal jurisdiction. *Innovation Ventures, LLC v. N2G Distrib., Inc.*, 635 F. Supp. 2d 632 (E.D. Mich. 2008). TGC does not plead that any of the Executives took actions intended to have an effect in Kentucky. Thus, there is no personal jurisdiction over the Executives.

Because exercising personal jurisdiction would not comport with the Due Process Clause, an analysis of Kentucky's long-arm statute is not necessary. Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction is granted.

TGC has requested limited discovery on the issue of personal jurisdiction, which is denied. (Pl.'s Resp. Defs.' Mot. Dismiss 18). TGC has pleaded no facts indicating that the Executives ever had contact with Kentucky or purposefully availed themselves of the privilege of doing business in Kentucky. Given the extent and geographic scope of Big Lots' operations in the United States, it is unlikely that discovery would produce anything showing that the Executives intentionally directed the infringing products to Kentucky locations or targeted Kentucky more than incidentally to their national sales and distribution scheme.

### B. Failure to State a Claim

The Executives also move to dismiss all claims against them, alleging that TGC has failed to state a claim upon which relief can be granted. (Defs.' Mot. Dismiss 12-14). Because TGC's claims against the Executives are dismissed for lack of personal jurisdiction, the Executives' motion is denied as moot.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 46) is **GRANTED IN PART** and **DENIED IN PART AS MOOT**, and Plaintiff's claims against the Executives are **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

September 29, 2025

cc: counsel of record